## Case No. 15,319.

### UNITED STATES v. HARTWELL et al.

[12 Int. Rev. Rec. 50.]

Circuit Court, D. Massachusetts. Aug., 1870.

CRIMINAL LAW—WAIVER OF RIGHTS—PRACTICE—TESTIMONY OF ACCOMPLICE.

1. Admitted rights may be waived in criminal cases by laches where it clearly appears that the omission to claim their exercise was voluntary and with a full knowledge of all the circumstances.

2. By the practice of the United States courts in this circuit, it is the duty of the prosecuting officer and not of the court to determine whether the public interest requires that the testimony of an accomplice shall be received, and in general to determine whether the conduct of the accomplice is such as constitutes a compliance with the legal conditions which give him an equitable right to the executive clemency.

[This was an indictment against Julius F. Hartwell, Charles Mellen, and Charles H. Ward for embezzlement of public moneys. Defendants Mellen and Ward were tried together and convicted, and a motion for a new trial was overruled. Case No. 15,318. The case is now heard upon a motion by defendants to continue the indictment and suspend sentence and judgment.]

CLIFFORD, Circuit Justice. Mellen and Ward on the 16th day of September last filed a motion in this case to the effect that "the indictment be continued and that sentence and judgment thereon be suspended," to enable them to apply for a pardon, basing the application upon the facts stated in certain affidavits which were submitted to the court at the same time the motion was filed. Presented as the motion was near the close of the special session, delay necessarily followed, as there was not time to give the subject due consideration; and other official engagements having intervened, the justices who heard the motion have not been able to examine the merits of the application until the commencement of the present term. Taken literally, the object of the motion is accomplished by the delay which has ensued, as the case has been continued and ample opportunity has been enjoyed to present the proposed application for a pardon. But it is obvious from an examination of the affidavits that the main purpose of the defendants in submitting the motion was to deny the right of the United States to claim that judgment shall be rendered on the verdict against them, or that they shall be sentenced for the offence of which they have been convicted by the verdict of the jury. They object to the right of the United States to de-

mand sentence against them because, as they allege, they were severally called before the grand jury of the district, and there sworn and examined as witnesses in respect to the offence charged against them in the indictment before the same was found by the grand jury and filed in the district court of the United States. Separate affidavits were filed by the defendants in support of that objection, from which it appears that they went before the grand jury and were there examined under oath respecting the matters involved in the charge, and they state that they produced the books of their firm, Mellen, Ward & Company, and that they answered all questions put to them respecting the same and the several matters involved in the accusation. Interviews took place between their counsel and the district attorney before they were called and examined in the grand jury room, and they have filed the affidavits of their counsel in respect to what occurred on those occasions. Explanatory affidavits were also filed by the district attorney, and, among others, one given by the foreman of the grand jury. He was foreman of the grand jury of the district court for the March term, 1867, and it was in that court at that term that the indictment was found, and before that grand jury that the defendants were sworn and examined. By the affidavit of the foreman, it appears that neither of the defendants came before the grand jury till after they (the jury) "had taken action upon their cases;" that before any questions were put to them they were told by the assistant district attorney that the grand jury had already taken action upon their respective cases that any statements they might make would not alter that action; that their answers, if any were given, must be voluntary; that they had a right to decline answering any questions; that the government had no right to compel them to criminate themselves, and that the district attorney did not propose to press any inquiry which they did not wish to answer; and the district attorney assured them that any statements they might make should not be used against them. Subsequent to that caution the defendants severally signified their willingness to state what they knew in the case, and they were accordingly examined in respect to the subject matter of the accusation, but the foreman of the grand jury testifies that "the grand jury made no use of their statements, and took no action upon them, as they had previously voted upon the several cases." Officers and other persons charged with the safe-keeping, transfer, and disbursement of the public moneys are forbidden by law to loan any portion of the same under any circumstances, and the provision is that every such act shall be deemed and adjudged to be an embezzlement; and the same section provides that all persons advising or participating in such act shall be liable to the pun-

ishment therein provided. 9 Stat. 63. Large sums of the public moneys, deposited in the office of the assistant treasurer of the United States in this city, were unlawfully loaned by the first-named defendant, who was the paying teller in that office, to the firm of Mellen, Ward & Company; and the charge against the other two defendants is that they advised and participated in those unlawful and criminal acts of loaning such portions of the public moneys so intrusted to that officer for safe-keeping, disbursement, and transfer. All of the defendants were included in the same indictment, and when arraigned they severally pleaded that they were not guilty; but when set at the bar for trial at a later day in the term the principal defendant retracted his plea of not guilty and pleaded nolo contendere, which was accepted by the district attorney. Having confessed his guilt, he was permitted to retire under his recognizance, but the jury were impanelled for the trial of the other two defendants, and they were severally found guilty by the jury of the charge alleged against them in the indictment. Exceptions were duly taken by the defendants to the rulings and instructions of the court, but the motion for new trial founded thereon was subsequently overruled by the court after full hearing and mature deliberation. Throughout that period no suggestion was made to the court that any irregularity had attended the action of the grand jury in finding the indictment. Both the defendants knew what had occurred, even before the indictment was transferred from the district court into this court as fully as when the present motion was filed, and yet they pleaded to the charge without objection, went to trial, and enjoyed their chance of an acquittal; and subsequently submitted a motion for new trial upon other grounds, omitting to mention any such complaint until nothing remained to be done in the case but to pass the sentence required by law. Under these circumstances it is contended by the district attorney that the motion comes too late, and the court is strongly inclined to that view of the case. Admitted rights may be waived by laches, even in criminal cases, where it clearly appears that the omission to claim their exercise was voluntary and with a full knowledge of all the circumstances. Objections to the action of the grand jury, or to the proceedings before them, when an indictment is found, ought to be made as early as practicable, in order that the administration of criminal justice may not be unnecessarily delayed. Just excuse for the delay in this case appears to be wanting, as all the circumstances were fully known to the accused at the time the indictment was found in the district court. Besides, they were not tried upon that indictment, but upon a new indictment subsequently found in the circuit court. Suppose, however, the motion is seasonable,

and that the objection is as applicable to the pending indictment as to the one found in the district court, still it is insisted by the district attorney that the objection furnishes no reason why the defendants should not receive sentence for the offence of which they have been convicted. They were convicted on the 26th of October, 1868, and on the following day they filed a motion for new trial, which was overruled on the 22d of May, 1869. Sentence was then postponed at the request of the defendants, and on the 16th of September the present motion was filed. Although the defendants do not contend that the facts alleged in the affidavits which accompany the motion furnish any ground for arresting the judgment in the case, still they insist that the question of passing sentence is a question of discretion, and that the court under the circumstances disclosed in the affidavits will refuse to sentence, and will recommend the defendants to the clemency of the executive. Authorities are referred to as sustaining that theory, and an affidavit is introduced to show that such is the practice in the supreme court of the state; but the authorities cited do not support the proposition, and the decisive answer to the affidavit is that the practice of the state courts, though entitled to the highest respect, does not furnish the rule of decision in the federal courts. Among the cases referred to is that of Rex v. Rudd, Cowp. 331, which is the strongest case in their favor, and yet it falls far short of the proposition submitted in their behalf. By that case it appears that where accomplices are admitted as witnesses for the government, and they make a full and fair confession of the whole truth, and their evidence is used in the trial of the other offenders, the practice is to suspend the prosecution against them in order that they may apply for pardon, but it is expressly stated that they are not entitled of right to the interposition of the pardoning power. Express assurances were given in that case that the witness should be exempted from punishment, but nothing of the kind was done in this case, nor was any use made of their testimony. They knew that their case had been passed upon before they were examined, and were told that their answers would not change what had been done by the grand jury. Accomplices are admitted to give evidence against their associates in guilt, in analogy to the old law of approvement; but it is not necessary as in that proceeding that the witness should be first indicted before he is accepted as a witness, nor is it necessary that he should make any disclosure respecting any other crime than the one under investigation. Persons charged with crime are not bound to criminate themselves, but they may be admitted as witnesses to convict their associates; and if they are so, and disclose the whole truth, they acquire there-

by an equitable title to a pardon, subject, of course, to the discretion of the president, who is invested, under the constitution, with the exercise of that power. People v. Whipple, 9 Cow. 711. Whether an accomplice shall be admitted as a witness or not, depends in the English practice upon the discretion of the court where his associate or associates in guilt are tried, and the same court, it seems, assumes jurisdiction to determine whether he shall be tried for the offence in which he participated; but the practice in general in the American courts is different. Rex v. Lee, Russ. & R. 361; Rex v. Brunton. Id. 454. Prosecutions in our practice are instituted and conducted by a public prosecutor appointed by law, who represents the government and protects its interests in all respects, without advice from the court. Preliminary accusations of crime are submitted to his examination, and it is a part of his duty to determine whether the public interest requires that the testimony of an accomplice should be received; and in general, he must determine whether the conduct of the accomplice, in case he is received as a witness and examined, was such as constitutes a compliance with the legal conditions which gave him an equitable right to the executive clemency. 1 Bish. Cr. Proc. § 508. American authorities undoubtedly may be found, where it is said the power is vested in the court, but the practice in this circuit is otherwise. People v. Whipple, 9 Cow. 712. Leave of the court to examine an accomplice, whether before the grand jury or on the trial of an indictment, is never asked by the district attorney, and no such practice, it is believed, prevails in the state courts. Such a discretion could not be exercised by a court without investigations incompatible with our system of criminal jurisprudence. Investigations of the kind are made by the prosecuting officer, and, in general, he must determine whether or not the accomplice used as a witness shall be further prosecuted, unless the witness sees fit to appeal to the president. Cases may perhaps arise where the court would postpone a trial or defer the sentence for a time, to give an accused person an opportunity to make such an application; but the present case is not one of that character, as there is no just pretence that their testimony was used for any such purpose, or that they have in any way been misled or deceived. They alone have been tried, as Hartwell, the principal, pleaded nolo contendere, and Carter neglected to appear and forfeited his recognizance. When tried, no allusion was made to the fact that they had been before the grand jury, and the court feels assured that they have not been prejudiced. Had any unfairness been practised, a different rule might perhaps be adopted; but they went before the grand jury by their own consent, and with the knowledge and consent of their counsel, and, having remained silent upon the subject during their trial and during the pendency of their motion for new trial, the court is of the opinion that they now have no just cause of complaint on that account.